Michael R. HOURIHAN, Plaintiff,

v.

James L. LAFFERTY, Jefferson County Sheriff; John Doe # 1, Sheriff's Employee; and John Burns, Defendants.

No. 97–CV–692.

United States District Court, N.D. New York.

July 9, 1999.

---

Michael R. Hourihan, Fort Dix, NJ, pro se.

Schwerzman & Wise, P.C., Watertown, New York, Keith Caughlin, of counsel, for defendants.

### MEMORANDUM–DECISION AND ORDER

HURD, United States Magistrate Judge.

### I. INTRODUCTION

On May 12, 1997, Michael R. Hourihan ("plaintiff") commenced this 42 U.S.C. § 1983 suit, alleging that the defendants violated his Fourth, Fifth, Seventh, and Fourteenth Amendment rights. Plaintiff seeks compensatory and punitive damages for defendants' alleged violations. Defendants have moved for summary judgment. Plaintiff opposes defendants' motion.

### II. FACTS

On June 8, 1994, plaintiff was arrested at his home. Pursuant to a warrant, police seized various items from the home, including five rifles. Plaintiff and his wife were taken into custody and their children were removed from the home by the Jefferson County Department of Social Services ("DSS") and placed in temporary foster care. On or about June 11, 1994, while plaintiff was still in custody, he granted DSS agents permission to enter his home for the purpose of obtaining clothing for his children. Pursuant to DSS policy, defendant Sheriff's Deputy John Burns ("Burns") escorted DSS agents to plain-

tiff's home. Burns removed several items from the house while he was present with the DSS agents. Plaintiff claims that these items were removed without a warrant. Further, he alleges that his mother questioned Burns's authority to take the items, but Burns told her that the items were illegal and gave her his business card. (Am.Compl.¶ II.) Plaintiff states that he has contacted many people and agencies to request the return of his property including: the number on the card Burns gave plaintiff's mother, the Watertown police, the Jefferson County Sheriff's Department, and the Drug Enforcement Agency. Plaintiff has not recovered any of his property.

## III. *DISCUSSION*

### A. *Summary Judgment*

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost*, 722 F.2d 960, 968 (2d Cir.1983). Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56; *Liberty Lobby, Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. At that point the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*,

475 U.S. at 586, 106 S.Ct. 1348. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.*, 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348.

### B. *Plaintiff's Claims Against John Doe # 1*

Plaintiff has made claims against a John Doe # 1 for violating his constitutional rights by depriving him of his property without due process. However, pursuant to the Pre–Trial Order filed in this case:

> If the plaintiff has sued any "John Doe" defendants, the plaintiff must ascertain the identity of such individuals before [January 23, 1998]. Once the names of the "John Doe" parties are known, the plaintiff must file a motion to amend his complaint and name such individuals as defendants to this action by their actual names in his proposed amended complaint.

(Docket No. 15.) Plaintiff filed a motion to amend his complaint on September 5, 1997, however, he withdrew this motion on December 10, 1997. His request to withdraw was granted on December 16, 1997. Plaintiff has not renewed his motion to amend, and as the Pretrial Order deadline has passed, his Fifth and Seventh Amendment claims against John Doe # 1 must be dismissed.

### C. *Plaintiff's Seventh Amendment Claim*

The Seventh Amendment states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. Plaintiff alleges a violation of his Seventh Amendment right because his property valued at more than twenty dollars, was taken, thereby depriving him to a trial by jury. Plaintiff has misconstrued the meaning of the Seventh Amendment. It is precisely

because plaintiff's property was taken that he is entitled to a trial by jury. Plaintiff has exercised his right and demanded a jury trial in his complaint. Therefore, there is no violation of his constitutional right to a jury trial. Rather, his Seventh Amendment right has been preserved.

### D. *Plaintiff's Claims Against Defendant Sheriff James L. Lafferty ("Lafferty")*

#### 1. *Individual Capacity*

Fed.R.Civ.P. 56(e) states that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Plaintiff claims that the alleged violations of his constitutional rights occurred with "Lafferty's knowledge and consent." (Am. Compl. at 9–10.) However, he does not offer any affidavits or evidence to substantiate this claim. He only makes the conclusory allegation that the events took place with "Lafferty's knowledge and consent." *Id.* Therefore, pursuant to Fed. R.Civ.P. 56(e), he has not set forth a genuine issue of material fact for trial. Accordingly, plaintiff's claims against Lafferty in his individual capacity must be dismissed.

#### 2. *Official Capacity*

If a plaintiff sues an individual in an official capacity, the plaintiff is, in essence, suing the governmental entity. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Local governments may be sued for damages "for constitutional deprivations visited pursuant to governmental 'custom' even though such custom has not received formal approval through the government's of-

ficial decision-making channels." *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In this case, since plaintiff has sued Lafferty in his official capacity, the onus is upon the plaintiff to show a custom or policy which has violated his constitutional rights. He has only made conclusory allegations regarding violations of his rights, and has set forth no affidavits or evidence to make out a genuine issue of fact concerning any unconstitutional custom or policy for which the Sheriff's Department may be held liable. Accordingly, his claims against Lafferty, in his official capacity, must be dismissed.

### E. *Plaintiff's Fourth Amendment Claim Against Defendant Burns*

A defendant is entitled to qualified immunity unless a plaintiff demonstrates that the alleged conduct violated a clearly established constitutional right at the time of its occurrence. *Horne v. Coughlin,* 178 F.3d 603, 604 (2d Cir.1999). Plaintiff in this case alleges that the seizure of items from his home violated his constitutional rights. The right to be free from unreasonable searches and seizures was clearly established at the time of the alleged conduct, therefore, defendants are not entitled to qualified immunity. *See Horne,* 178 F.3d at 605.

Plaintiff asserts that an unreasonable search and seizure occurred when Burns took items from his home without a warrant. (Am.Compl. at 6.) The Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. In cases of warrantless searches, "[t]he seizure can survive constitutional inhibition only upon a showing that the surrounding facts brought it within one of the exceptions to the rule that a search must rest upon a search warrant." *Rios v. United States,* 364 U.S. 253, 261, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960) (citing

*Jones v. United States,* 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958); *United States v. Jeffers,* 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59 (1951)). In this case, the exception is the plain view doctrine. "The plain view doctrine for warrantless searches and seizures is subject to three express requirements: (1) the agents must be lawfully on the premises; (2) the discovery must be inadvertent; and (3) its incriminating nature must be immediately apparent." *United States v. Berenguer,* 562 F.2d 206, 210 (2d Cir.1977) (citing *Coolidge v. New Hampshire,* 403 U.S. 443, 464–69, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)).

Regarding the first requirement, Burns was indeed lawfully on the premises because he was escorting the DSS agents. The second requirement states that "the discovery must be inadvertent." *Id.* Burns stated in his affidavit that he

> [L]ooked around from where [he] stood and could see into a study, or smaller room, adjacent to the living room. [He] observed belts of ammunition spilling from two metal ammunition boxes in that other room. [He] entered the other room and picked up the ammunition in the containers and noticed a bullet-proof vest or military-flack-jacket-type garment. [He] picked this up and took both items into the living room.

(Burns Aff. at 2.) Although plaintiff contests this statement and states that it "would be physically impossible due to the structure of the home" for Burns to have been able to see into the other room, he does not offer any affidavits or evidence to support this statement. (Pl.'s Opp'n to Defs.' Mot. for Summ. J. § I.) He has only made the above unsupported, conclusory claim. It is the duty of the nonmovant, in a motion for summary judgment, to set forth a genuine issue of material fact and not rest on mere allegations or denials. *See* Fed.R.Civ.P. 56(e). Plaintiff has not presented any evidence to raise a genuine issue of material fact regarding whether

Burns could or could not have seen into the adjacent room from the living room.

The third requirement states that the "incriminating nature must be immediately apparent." *Berenguer,* 562 F.2d at 210. Burns stated in his affidavit that he took the items because he knew plaintiff's children "had lived in the house and would possibly return. [He] also knew that gunfire had prompted the initial complaint." (Burns Aff. at 2.) Plaintiff contests this statement and claims that Burns has had sufficient training and education to be able to tell the difference between live ammunition and the "dummy" ammunition that was in plaintiff's home. (Pl.'s Opp'n to Defs.' Mot. for Summ. J. § III(a).) However, upon viewing the items in plaintiff's home, Burns considered them to be dangerous or a threat to the community. (Burns's Answers to Pl.'s Interrogs. at 4.) In addition, Burns knew plaintiff had been arrested on June 8, 1994 "for discharging a shotgun in his home during a domestic dispute." (Burns Aff. at 1.)

Having satisfied the requirements of the plain view doctrine, an exception to warrantless searches has been created. Therefore, the search and seizure by Burns was reasonable. Accordingly, plaintiff's Fourth Amendment claim against him must be dismissed.

### F. *Plaintiff's Claim for Recovery of the Value of his Property*

Plaintiff wrote letters to many people and agencies regarding the return of his property including the number on the card Burns gave plaintiff's mother, the Watertown police, the sheriff's department, and the Drug Enforcement Agency. His property was not returned to him through these measures. "If negligent deprivations of property do not violate the Due Process Clause because predeprivation process is impracticable, it follows that intentional deprivations do not violate that Clause provided, of course, that adequate state post-deprivation remedies are available." *Hudson v. Palmer,* 468 U.S.

517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Article 78 proceedings provide a remedy for those who seek to challenge any action or inaction by an administrative agency or officers of state or local government. *See* N.Y.C.P.L.R. § 7801 (McKinney 1994). Plaintiff's remedy was to seek relief under Article 78 of the C.P.L.R. rather than file a suit in federal court. Therefore, his claim to recover the value of the seized property must be dismissed.

### G. *Plaintiff's Fourteenth Amendment Claim Against Defendant Burns*

 "Plaintiffs challenging asserted deprivations of due process under 42 U.S.C. § 1983 must demonstrate, inter alia, that the defendant acted with more than mere negligence." *Grune v. Rodriguez*, 176 F.3d 27, 32 (2d Cir.1999). Plaintiff claims that Burns violated his Fourteenth Amendment rights by depriving plaintiff of his property without due process of the law by seizure of property and failing to give a receipt or inventory of the items taken. However, even viewing the evidence in a light most favorable to the plaintiff, his claim does not rise to a level of a constitutional violation. Failure to provide a receipt or inventory of items taken constitutes a claim of mere negligence. Again, plaintiff has a state remedy available to him. His relief lies in the General Municipal Law. *See* N.Y.Gen.Mun. Law § 50–j (McKinney 1999). Plaintiff was afforded the due process guaranteed to him by the Constitution because he had an appropriate forum in which to plead his case. Accordingly, plaintiff's Fourteenth Amendment claim against Burns must be dismissed.

### IV. *CONCLUSION*

For the foregoing reasons, it is hereby ORDERED that

1. Defendants' motion for summary judgment is GRANTED;

2. Plaintiff's complaint is dismissed in its entirety; and

3. The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.